United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNALEINE REYNOLDS,<br><br>    Plaintiff,<br><br>v.<br><br>DAVE APPLEGATE,<br><br>    Defendant.                / | No. C 10-04427 CRB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

The Court has received a "Petition (or Complaint) to Enjoin Nonjudicial Foreclosure Sale" in which Plaintiff, a homeowner, seeks a Temporary Restraining Order enjoining Defendants Dave Applegate, CEO of GMAC Mortgage LLC, and Adam Lankford, President of Exclusive Trustee Services, LLC, from proceeding with a Trustee's Sale today, October 1, 2010. Plaintiff alleges repeatedly in her Complaint that because the Trust was securitized, it is unenforceable. See, e.g., Cmplt. at ¶¶ 7, 16, 20, 23, 26, 38. However, she fails to raise a federal claim.

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." Anderson v. Bank of Am., No. 10cv0818 DMS, 2010 WL 3385990 at *1 (S.D. Cal. Aug. 26, 2010) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., --- U.S. ----, 129 S.Ct. 365, 376 (2008). A party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (citation omitted).

There is no question that Plaintiff risks irreparable injury if the foreclosure sale goes forward. See Cottonwood Christian Ctr. v. Cypress Redevelopment Agency, 218 F. Supp. 2d 1203, 1230 (C.D. Cal. 2002) ("every piece of property is unique and thus damages are an insufficient remedy to the denial of property rights"). The public interest also favors preventing individuals from losing their homes to foreclosure based on unfair or illegal loan practices. Along the same lines, the balance of hardships tips sharply in Plaintiff's favor: she stands to forever lose her home, whereas if an injunction were granted, Defendants would only be delayed in earning income from an investment.

Nonetheless, the Court finds that because Plaintiff has failed altogether to raise a federal claim, she cannot succeed on the merits. Accordingly, the Motion for a Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

Dated: October 1, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE