IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNALEINE REYNOLDS,<br><br>   Plaintiff,<br><br> v.<br><br>DAVE APPLEGATE, et al.,<br><br>   Defendants._____/ | No. C 10-04427 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

  Plaintiff Annaleine Reynolds fell behind on her monthly mortgage payments and her lenders moved to foreclose on her home.[1] Plaintiff then hired a company to do a "forensic audit" of her loan documents. After getting the results, she brought this suit. Before a motion to dismiss could be considered by the Court, Plaintiff filed a first amended complaint ("FAC") alleging fourteen causes of action, two of which involve federal statutes. Three of the four Defendants have filed a motion to dismiss all of Plaintiff's claims. Because Plaintiff's federal claims are time-barred, the Court DISMISSES the case against the three moving defendants, with prejudice.

**I. BACKGROUND**

  Plaintiff entered into a $488,000 adjustable rate mortgage in April 2007. FAC ¶ 3, Ex. 1. This was the last of several times Plaintiff had refinanced the property. Req. for Judicial

---

[1] It is unclear from the papers whether or not Plaintiff is still living in the home.

1    Notice, Ex. A-D.[2]  The initial monthly payment was $1,630.83, which was not even enough
2    to cover the interest on the loan.  FAC ¶ 3.  The loan had a negative balance cap, which
3    required that when the balance of the loan reached 115% of the remaining principal, the
4    monthly payment would rise to cover all of the interest accruing.  Id., Ex. 1.  The interest rate
5    on this mortgage would adjust every year after the first 120 payments were made.  Id.  On
6    June 4, 2010, Plaintiff was sent a notice of default.  Req. for Judicial Notice, Ex. G.  A notice
7    of trustee's sale was recorded on Sept. 10, 2010.  Id., Ex. H.

8        Plaintiff filed this action on September 30, 2010.  Compl. at 1.  She amended that
9    complaint on November 19, 2010.  FAC at 1.  There are four Defendants: Dave Applegate,
10   CEO of GMAC Mortgage, LLC; Adam Lankford, President of Executive Trustee Services,
11   LLC; R.K. Arnold, President and CEO of Mortgage Electronic Registration Systems, Inc.;
12   and Doug Naidus, CEO of MortgageIT, Inc.  Only Applegate, Lankford, and Arnold have
13   moved to dismiss.[3]

14   **II.   LEGAL STANDARD**

15       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims
16   alleged in a complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).
17   Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain
18   statement of the claim showing that the pleader is entitled to relief."  "Detailed factual
19   allegations" are not required, but the Rule does call for sufficient factual matter, accepted as
20   true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct.
21   1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).
22   According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads
23   factual content that allows the court to draw the reasonable inference that the defendant is
24   liable for the misconduct alleged."  Id. at 1949-50.  In determining facial plausibility,

---

[2] Defendants have moved for judicial notice of eight documents labeled Exhibits A-H.  Req. for Judicial Notice at 2-4.  These documents were all recorded in the Contra Costa County Recorder Office and thus the Court may properly notice them.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of matters of public record).

[3] Plaintiff has received an extension of time to serve Defendant Naidus.  See dckt. no. 36.

*United States District Court*
*For the Northern District of California*

1  whether a complaint states a plausible claim is a "context-specific task that requires the
2  reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## III. DISCUSSION

Plaintiff's federal causes of action are as follows.

### A. Claim 3: Truth in Lending Act ("TILA")

TILA claims for damages have a one year statute of limitations beginning "from the date of the occurrence of the violation," while TILA claims seeking rescission have a three-year statute of limitations. 15 U.S.C. § 1640(e).[4] "The occurrence of the violation" is widely understood as the time the loan transaction is consummated. See, e.g., King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1122 (N.D. Cal. 2009). In this case, the loan was signed in April 2007. FAC ¶ 3, Ex. 1. The Plaintiff filed this lawsuit on September 30, 2010. As the lawsuit was filed more than three years after the loan was signed, Plaintiff is barred by the statute of limitations.

Plaintiff argues that her claim could be saved by equitable tolling. She alleges that all statutes of limitations "relating to disclosures and notices required . . . were tolled due to Defendants' failure to effectively provide the required disclosures and notices." FAC ¶ 162. Equitable tolling of civil damages claims under TILA may suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosures. See King, 784 F.2d at 915. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of [his] claim." Gomez v. Wachovia Mortgage Corp., No. 09-cv-02111, 2010 U.S. Dist. LEXIS 3799, at *12 (N.D. Cal. Jan. 19, 2010) (citing Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000)). "The doctrine is not available to avoid the consequences of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due

---

[4] Plaintiff could really only be asking for damages, as TILA does not allow rescission for residential mortgages, nor does it allow rescission for refinancing. 15 U.S.C. § 1635(e)(1)-(2).

3

diligence in preserving his legal rights." Hensley v. United States, 531 F.3d 1052, 1058 (9th Cir. 2008) (citations omitted).

Plaintiff's argument for allowing equitable tolling here fails. She argues that she was unable to learn of Defendants' failure to disclose documents because Defendants failed to turn over the required documents. FAC ¶ 162. But Plaintiff does not say why due diligence could not have revealed the violation earlier. For example, the Complaint alleges that Plaintiff's rate adjusted for the first time in May 2007. Id. ¶ 3. Plaintiff had a reasonable opportunity to discover the fraud or nondisclosures then. In addition, courts have routinely rejected the argument that the "discovery" of violations through an audit are enough to toll the statute of limitations. See, e.g., Lee v. U.S. Bank, No. C 10-1434, 2010 U.S. Dist. LEXIS 66182, at *15-*16 (N.D. Cal. June 30, 2010); Sanchez v. Greenpoint Mortgage Funding, Inc., No. 09 CV 2005, 2010 U.S. Dist. LEXIS 45398, at *7-*8 (S.D. Cal. May 10, 2010). Therefore, Plaintiff's claim under TILA is barred by the statute of limitations.

## B. Claim 4: Real Estate Settlement Procedures Act ("RESPA")

Plaintiff's RESPA claim is also barred by the statute of limitations. Plaintiff does not specify which section of RESPA she sues on but the most generous statute of limitations under RESPA is three years.[5] The loan was signed in April 2007, which means the statute of limitations has expired. See FAC ¶ 3, Ex. 1.

The Ninth Circuit has not addressed whether equitable tolling is available under RESPA, and district courts have reached different conclusions. See, e.g., Brewer v. Indymac Bank, 609 F, Supp. 2d 1104, 1118 (E.D. Cal. 2009); Kay v. Wells Fargo & Co., 247 F.R.D. 572, 578 (N.D. Cal. 2007). Even so, Plaintiff has not requested equitable tolling on this claim, and, for the same reasons that apply to her TILA claim, no tolling is appropriate.

//
//
//

---

[5] RESPA causes of action under § 2605 are governed by a three-year statute of limitation. See 12 U.S.C. § 2614; Rosal, 671 F. Supp. 2d at 125. RESPA claims under § 2607 are governed by a one-year statute of limitation. See 12 U.S. C. § 2614.

4

### C. Claim 8: Rescission

Plaintiff asks for rescission of her loan, citing TILA, RESPA, fraudulent concealment, and general public policy. FAC ¶ 217. As already discussed, Plaintiff's claims under TILA and RESPA are time-barred.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss filed by the three served Defendants. The federal claims against those Defendants are therefore dismissed with prejudice. The Court declines to exercise supplemental jurisdiction as to Plaintiffs' remaining state law claims against the moving Defendants, and therefore dismisses those claims as well. If Plaintiff wishes, she may pursue relief on her state law causes of action in state court.

**IT IS SO ORDERED.**



Dated: February 14, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2010\4427\order granting MTD.wpd            5